UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

SAMUEL MENEZES,

      Plaintiff,

v.                                        Case No. 3:24-cv-500-TJC-SJH

BANK OF AMERICA,

      Defendant.

## O R D E R

Plaintiff Samuel Menezes brings a six-count complaint against Bank of America, alleging that he was harassed, retaliated against, suffered the intentional infliction of emotional distress, and was discriminated against in the workplace in violation of the Americans with Disabilities Act of 1990 (Doc. 1).[1] The Bank moves to dismiss three counts: intentional infliction of emotional distress (Count Three) and two counts related to a hostile work environment (Counts One and Six) (Doc. 15). Menezes responded in opposition (Doc. 18).[2]

---

[1] The Court has federal question jurisdiction over Counts One, Two, Four, Five and Six, and supplemental (or possibly diversity) jurisdiction over Count Three.

[2] Plaintiff's complaint does not state whether he is still employed by the Bank or not. The Bank's motion references his employment in the present tense but plaintiff's response refers to the Bank as his "former" employer. His current status is not material to this order.

In its review, the Court takes plaintiff's factual allegations as true, but those facts must be sufficient to state a claim for relief. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "[A] formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).

As to Count Three, the intentional infliction of emotional distress, plaintiff alleges that a superior "verbally abused" him on a single occasion by making an offensive remark to plaintiff in the presence of others, that the supervisor on subsequent occasions intimidated plaintiff by "walking around him" and that the Bank later assigned the supervisor to the same floor as plaintiff. "In Florida, 'the issue of whether or not the activities of the defendant rise to the level of being extreme and outrageous so as to permit a claim for intentional infliction of emotional distress is a legal question in the first instance for the court to decide as a matter of law.'" Vance v. S. Bell Tel. & tel. Co.. 983 F.2d 1573, 1575, n.7 (11th Cir. 1993) (quoting Baker v. Florida Nat'l Bank, 559 So. 2d 284, 287 (Fla. Dist. Ct. App. 1990)). To survive a motion to dismiss, plaintiff must allege conduct "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency." Metropolitan Life Ins. Co. v. McCarson, 467 So. 2d 277, 279 (Fla. 1985) (quoting Restatement (Second) of Torts § 46 (1965)). Mere insults, indignities, and threats are not enough. Scheller v. Am. Med. Int'l, Inc., 502 So. 2d 1268, 1271 (Fla. Dist. Ct. App. 1987) (quoting Restatement (Second) of Torts § 46 (1965) (as

2

adopted by McCarson, 467 So. 2d 277).  For example, in Vance, the Eleventh Circuit affirmed the dismissal of plaintiff's IIED claim under Florida law where the plaintiff, who was black, alleged her employer hung a noose over her work station, sabotaged her work, disciplined her more harshly than white coworkers, and confined her to the supervision of the woman who physically attacked her.  Vance, 983 F.2d at 1574, n.2, 1575, n.7.  See also Gomez v. City of Doral, No. 21-11093, 2022 WL 19201, at *7-8 (11th Cir. Jan. 3, 2022) (affirming dismissal of police officer's IIED claim where mayor allegedly publicly disparaged officer, wrongly accused her of misconduct, and lodged a complaint against her that caused a tracker to be placed on her police car);[3] Williams v. Worldwide Flight Servs., Inc., 877 So. 2d 869, 870 (Fla. Dist. Ct. App. 2004) (affirming dismissal of IIED claim where supervisor used racial epithets to describe plaintiff to his face and to other employees, directed the fabrication of disciplinary incidents to justify plaintiff's termination, falsely accused plaintiff of theft, forced plaintiff to work in dangerous conditions, and repeatedly threatened him with termination).  Plaintiff's allegations fall far short of meeting this standard.  As presently alleged, Count Three is due to be dismissed.

---

[3] The Court does not rely on unpublished opinions as binding precedent, however, they may be cited when the Court finds them persuasive on a particular point.  See McNamara v. GEICO, 30 F.4th 1055, 1060-61 (11th Cir. 2022).

As to Counts One and Six, as defendant argues, they appear to be redundant of each other in alleging a claim for disability-based hostile work environment under the ADA.[4] The Court therefore will treat these counts together and, as does the Bank, the Court will assume arguendo that such a claim is recognized in the Eleventh Circuit. See Defendant's Motion (Doc. 15) at 9, n.7 and cases cited therein. Courts that have evaluated such claims do so under the framework of Title VII jurisprudence. See, e.g., Errickson v. Lakeland Reg'l Med. Ctr., Inc., No. 8:22-cv-533-VMC-CPT, 2022 WL 1487588, at *4 (M.D. Fla. May 11, 2022) (citing cases).

Thus, to state a hostile work environment claim under the ADA, plaintiff must allege "(1) that he belongs to a protected group; (2) that he has been subject to unwelcome harassment; (3) that the harassment must have been based on a protected characteristic of the employee, such as [disability]; (4) that the harassment was sufficiently severe or pervasive to alter the terms and conditions of employment and create a discriminatorily abusive working environment; and (5) that the employer is responsible for such environment under either a theory of vicarious or of direct liability." Id. (quoting Miller v. Kenworth of Dothan, Inc., 277 F.3d 1269, 1275 (11th Cir. 2002)).

---

[4] Plaintiff's response does not clarify this. Indeed, plaintiff's response is largely unhelpful, mischaracterizing defendant's arguments, failing to point the Court to allegations that would support his claims, and referencing allegations that are not found anywhere in his complaint.

4

Plaintiff's problems here are many. First, his complaint alleges that the June 2023 incident where his supervisor "verbally abused" him and the continuing intimidation he experienced from August through December 2023 caused him to seek mental health treatment in October 2023 where he was diagnosed with major depression and anxiety. See Doc. 1 at ¶¶ 7-9. Thus, it is difficult to see how plaintiff could demonstrate that any "harassment" that predated October 2023 was "based on" plaintiff's disability. Even for any events that might have postdated his October 2023 diagnosis, plaintiff does not include any allegations to suggest that any actions he characterizes as "harassment" were based on his disability. Moreover, the "harassing" treatment of which he complains falls far short of allegations upon which one could find that his workplace was "permeated with discriminatory intimidation, ridicule, and insult, that is sufficiently severe or pervasive to alter the conditions of [plaintiff's] employment and create an abusive working environment." Miller, 277 F.3d at 1275 (citing Harris v. Forklift Sys., Inc., 510 U.S. 17, 21 (1993)). And, again, plaintiff fails to connect any of this treatment to his disability, the only reason for which it could possibly be actionable. As pled, Counts One and Six are due to be dismissed.

Accordingly, it is hereby

**ORDERED**:

1.  Defendant's Motion to Dismiss (Doc. 15) is **GRANTED**. Counts One, Three, and Six of plaintiff's complaint are **dismissed without prejudice**. No later than **January 31, 2025**, plaintiff may file an amended complaint to attempt to cure the deficiencies noted above in any or all of these counts. For clarity of the record, if plaintiff wishes to move forward solely on the other three counts (Two, Four and Five), he should still file an amended complaint that includes only those counts (renumbered, of course).

2.  No later than **February 28, 2025** defendant shall file its response to the amended complaint. Regardless of whether defendant again moves to dismiss any of the re-pled counts, by the same **February 28, 2025** deadline, it shall file an answer to any counts it is not moving to dismiss so that discovery can begin in earnest.

3.  Given that the case will move forward on at least the three counts that will remain, the Court has determined the case scheduling should go forward. To that end, the parties shall confer and file their case management report no later than **February 28, 2025**.

**DONE AND ORDERED** in Jacksonville, Florida this 9th day of January, 2025.



TIMOTHY J. CORRIGAN
Senior United States District Judge

s.
Copies:
Counsel of record